UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                          CASE NO. 17-11015

FLYGLO, LLC                                                                SECTION "B"

   DEBTOR                                                              CHAPTER 11

## ORDER WITH REASONS

This matter came before the court on July 19, 2017 as a hearing on the debtor's Motion to Hold Empire Airlines, Inc. d/b/a Empire Aerospace in Contempt for Violation of the Automatic Stay and for Damages (P-112) and the objection thereto filed by Empire Airlines, Inc. ("Empire"). Because the court concludes that the automatic stay was violated when Empire filed its lien with the Federal Aviation Administration ("FAA"),

IT IS ORDERED that the motion is granted.

Empire performed work on an airplane leased to the debtor between August and December 2016. The debtor did not pay Empire for its work. On April 23, 2017, the debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code.[1] On June 2, 2017 Empire filed with the FAA a Notice of Aircraft Lien, which was dated June 1, 2017, against the plane.

When a petition is filed under the Bankruptcy Code, § 362(a)(4) operates as a stay, against all entities, of any act to create, perfect or enforce any lien against property of the estate. Empire argues that the act of filing the Notice of Aircraft Lien is not a violation of the automatic stay because the work that gave rise to the lien occurred pre-petition, and the only action Empire took was to perfect its lien by recording it; i.e., Empire took no action to enforce or collect on the

---

[1] 11 U.S.C. §§ 101 *et seq.*

lien.

Empire cites several cases to support its conclusion. The court notes, however, that in two of those cases, the lien at issue was recorded before the bankruptcy petition was filed, so those cases are not on point. *In re Cocolat, Inc.*, 176 B.R. 540 (Bankr.N.D. Cal 1995); *In re Birdview Satellite Communications, Inc.*, 90 B.R. 465 (Bnakr. D. Kan. 1988). In the third case cited, the creditor filed a motion to lift stay, and the court granted the motion and allowed the creditor to file its lien. *In re Cramer,* 393 B.R. 611 (Bankr.N.D. Ill. 2008). Filing a motion to lift stay is, of course, always the safest course of action for any creditor in a bankruptcy case to take when seeking to take any action against a debtor.

The most persuasive case cited by the debtor, *In the Matter of Fiorillo & Co.*, 19 B.R. 21 (Bankr.S.D.N.Y. 1982) holds that the relation back principle for lien perfection under § 546(b) of the Bankruptcy Code operates as an exception to the automatic stay by reason of its incorporation by reference in § 362(b)(3) of the Bankruptcy Code.[2] A second case that supports this interpretation is *In re U.S. Electric, Inc.*, 123 B.R. 262 (Bankr.S.D. Ohio 1990). Unfortunately for Empire, this line of reasoning requires that the Idaho statute by which it filed its Notice of Aircraft Lien contain a relation back provision, which it does not.

The cases cited by Empire contain examples of what the relation back language looks like. In *Fiorillo*, the New York State Mechanics' Lien Law upon which the court relied stated:

---

[2] Section 546(b)(1) of the Bankruptcy Code states: The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that (A) permits the perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or (B) provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation.

> Notice of lien may be filed at any time during the progress of the work and the furnishing of the materials, or, within four months after the completion of the contract, or the final performance of the work, or the final furnishing of the materials, dating from the last item of work performed or materials furnished.[3]
>
> No instrument of conveyance recorded subsequent to the commencement of the improvement, and before the expiration of four months after the completion thereof, shall be valid as against liens filed within four months from the recording of such conveyance, unless the instrument contains a covenant by the grantor that he will receive the consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement before using any part of the total of the same for any other purpose.[4]

In *U.S. Electric*, the language in the Ohio statute was as follows:

> If the lien is one not described in division (B)(2) of this section, within ninety days from the date on which the last of the machinery, material, or fuel was furnished by the person claiming the lien at the building, or the last of the work or labor was performed by the person claiming the lien, except that the affidavit shall not be filed later than sixty days after the date on which the last machinery, material, or fuel is furnished by any person, or after the last work or labor is performed by any person, pursuant to the same general contract at the property to be charged with the lien.[5]
>
> Liens under sections 1311.01 to 1311.24, inclusive, of the Revised Code are effective from the date the first labor is performed, or the first machinery, materials, or fuel is furnished by the contractor under the original contract, and shall continue for six years after the affidavit is filed in the office of the county recorder.[6]

The *U.S. Electric* court noted that the type of lien at issue was one that arose automatically by

---

[3] *Fiorillo*, 19 B.R. at 23, citing to section 10 of the New York State Mechanics' Lien Law. This section has since been updated, so the citation form the *Fiorello* case is no longer current.

[4] *Fiorillo*, 19 B.R. at 23, citing to section 13(5) of the New York State Mechanics' Lien Law. This section has since been updated, so the citation form the *Fiorello* case is no longer current.

[5] Ohio Rev. Code § 1311.06(B)(3).

[6] Ohio Rev. Code § 1311.13

operation of law, and that under the Ohio statute, the lien arose prior to the filing of the bankruptcy petition, although the lien was not perfected until the filing of the affidavit into the record, as required by Ohio law.

In contrast to the statutory language above, the Idaho statute upon which Empire relies reads as follows:

> Any person, firm, or corporation who expends labor, skill, or materials upon an aircraft, aircraft engines, propellers, appliances, or spare parts, at the request of its owner, reputed owner, or authorized agent of the owner, or lawful possessor of the aircraft, has a lien upon the aircraft, or related equipment, for the contract price of the expenditure, or in the absence of a contract price, for the reasonable value of the expenditure. The statutory lien created pursuant to the section is dependent upon recordation of the lien at the FAA aircraft registry in accordance with section 45-1103, Idaho Code.[7]
>
> The statutory lien created pursuant to section 45-1102, Idaho Code is not valid unless and until it is recorded with the FAA aircraft registry in the manner and in the form generally required for the "Recording of Aircraft Titles and Security Documents" pursuant to 14 CFR 49.[8]

The Idaho statute clearly states that no lien arises until recordation. Thus, there is no relation back upon which Empire can rely. Accordingly, the court finds that the automatic stay was violated.

The debtor asks the court to declare the lien filed by Empire void. Actions taken in violation of the automatic stay are voidable.[9] In situations such as this where the bankruptcy court finds that the action by the creditor violated the automatic stay, the court can find that the action is void. Accordingly the court declares the lien void. The debtor further asks that the

---

[7] I.C. §§ 45-1102(1) and 45-1102(2)(c).

[8] I.C. § 45-1103(1)

[9] *Sikes v. Global Marine, Inc.* 881 F.2d 176 (5th Cir. 1989).

court order Empire to prepare and file whatever documentation is necessary to remove the lien from the FAA records. The court so orders. Finally, the debtor asks for damages resulting from the filing of the wrongful lien. The court awards reasonable attorneys fees to the debtor in filing and arguing its motion. The debtor has 14 days from the date of this order to file a statement of its attorneys fees into the record. Once filed, Empire has 14 days to pay the fees or to file an objection.

    New Orleans, Louisiana, August 31, 2017.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge
